PEPPER

NANCY JOSEPH
U.S. MAGISTRATE JUDGE

# COMPLAINT
(for non-prisoner filers without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2021 JUL -9 P 1: 28
CLERK OF COURT

(Full name of plaintiff(s))

Raven Griffin

v.

(Full name of defendant(s))

Milwaukee County Circuit Court Commissioner Gwendolyn Connolly

Case Number:

**21-C-0834**

(to be supplied by Clerk of Court)

A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__ and resides at
   (State)
   8820 W. Hampton Ave
   Milwaukee, WI 53212
   (Address)

   (If more than one plaintiff is filing, use another piece of paper.)

2. Defendant Milwaukee County Circuit Court, Commissioner Gwendolyn Connolly
   (Name)

Complaint – 1

Case 2:21-cv-00834-PP   Filed 07/09/21   Page 1 of 12   Document 1

RAVEN GRIFFIN　　　　　　　　Case No.

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　21-C-0834

MILWAUKEE COUNTY CIRCUIT COURT,
COMMISSIONER GWENDOLYN CONNOLLY

Defendants.

---

### COMPLAINT & SUMMONS

---

Now Comes Plaintiff, appearing specially in propria persona brings this suit pursuant to **Title 42 U.S. Code 1983** for violations of certain protections guaranteed to her by the Ninth, and Fourteenth Amendments of the federal Constitution, by the defendants under color of law in his/her capacity as a Court Commissioner of Milwaukee County Circuit Court.

The Plaintiff is seeking $800,000 as Commissioner Liggins and Commissioner Connolly acting under the color of law, did so intentionally violate the Plaintiff constitutional rights and federal protections rights as a covered person under federal law under the CDC order. The actions of the Milwaukee County Circuit Court Commissioners caused the Plaintiff and her children to be homeless during an COVID 19 National Health Emergency order.

On March 5th, 2021 Milwaukee County **Case No 2021SC004991**, the Plaintiff land-lord filed a retaliatory eviction proceeding against the plaintiff for exercising her legal rights to tendency. The first falsified eviction action brought against the plaintiff was dismissed on December 12th, 2020 at a evidentiary hearing. Milwaukee County Circuit Court **Case No 2020SC022872**.

1

On December 28th, 2020 the landlord put a 28 day notice on the door in which he put a X over the 28 and wrote 60 and taped it to the door. The plaintiff was under the CDC order that was ordered to expire on March 31st, 2021, on March 31st, 2021 the order was extended until 6/30/2021.

The plaintiff attached a text message between the landlord and the plaintiff showing the landlord didn't mention anything about the plaintiff owing any money but asked the plaintiff for the key to the house and in that same text message he acknowledged the plaintiff CDC order was in.

The plaintiff filed a motion to dismiss for lack of personal and subject matter jurisdiction, improper service, and filing of a retaliatory action. The motion was filed into the record on March 9th, 2021, the court hearing was held March 22nd, 2021. Commissioner Liggins purposely ignored facts, evidence, and law.

Commissioner Liggins proceeded without jurisdiction stating she "is denying the motion" before the court even though a motion hearing was scheduled for a judge to hear it. She refused to address why the CDC protection order did not pertain to the defendant and why she believes the defendant is not classified as a covered person.

In case no. **2021SC003699** the plaintiff property manager of KMG vs another young woman Commissioner Alexis Liggins shows how she is biased in the record of that case number on March 11th, 2021 at the hearing she stated the young lady did not have a CDC order and granted restitution of the premises.

The Commissioner failed to acknowledge the retaliatory actions of the landlord as the plaintiff is protected under the Wisconsin retaliation law by landlords against tenants.
**Wis Stat 704.45** retaliatory actions are prohibited when a tenant exercises a legal right relating to residential tenancies.

Commissioner Liggins refused to address the retaliatory law or retaliatory actions by the plaintiff that was raised in the motion to dismiss.

The plaintiff raised improper service issues raised in the motion, Commissioner Liggins dismissed the motion. Legislature prescribes strict methods for the service of process before the court will have jurisdiction. Where the landlord failed to duly perform those requirements, there is no jurisdiction. It is a fundamental failure of the core requirements to personal jurisdiction by **Wis Stat 801.11**. It is a statutory requirement.

When the plaintiff asked Commissioner Liggins to prove jurisdiction she stated the landlord 60 day notice that wasn't actually a 60 day notice was jurisdiction. The Commissioner failed to prove jurisdiction and continued to violate the rights of the plaintiff, purposely ignoring any rights the plaintiff asserted and violating the plaintiff's constitutional rights by discriminating against the plaintiff.

When the plaintiff moved to dismiss, Commissioner Liggins stated she was not dismissing the action; it would be for a judge to decide and continue to set a court date. Violating **chapter 60 code of judicial conduct** as the commissioner did knowly ignore Wisconsin state statutes.

On April 13th, 2021 at the eviction hearing Judge Grady dismissed the landlord action. On April 27th, 2021 the landlord filed another illegal and fraudulently eviction action all the previous actions brought by the landlord are online under **KMG REAL ESTATE** vs plaintiff that is who the plaintiff had a lease agreement with however on April 27th, 2021 the landlord filed it under **KMG REAL ESTATE II LLC. See Case No. 2021SC009424** (which is the case the plaintiff brings suit into federal court in regards.)

KMG Real Estate II LLC was not who the plaintiff had a residential lease agreement with. The Milwaukee County Circuit Court scheduled a court date for May 19th, 2021. On May 14th, 2021 the plaintiff filed into the record a motion to dismiss for lack of personal and subject matter jurisdiction, the landlord committing fraud upon the court, retaliatory action etc.

In that case Commissioner Alexis Liggins purposely discriminated and abused her authority ignoring the defendants motion, and proceeding as well as making judgments without jurisdiction. Commissioner Liggins ignored federal law and statutory law, held a hearing and entered a judgment of a writ of restitution.

The CDC order is under federal law, the Milwaukee County Circuit Court is well aware of the national COVID 19 Public Health Emergencies and the BAN on evictions under federal law. Under the Supremacy Clause of Article VI, the Constitution and Article III of the Constitution the power to make final decisions about federal laws lies with federal courts, not the states, and the states do not have the power to nullify federal laws.

Commissioner Liggins took the law into her own hands abusing her power of authority because of her dislike of the defendant representing herself and filing motions without a lawyer and her history she has with the plaintiffs rental company. Commissioner Liggins under the color of law intentionally discriminated against the plaintiff

3

The Milwaukee County Circuit Court did not have jurisdiction, When a court acts without jurisdiction, it does more than commit an error. It exercises authority that it does not possess. If a court has no jurisdiction the subject of an action, a judgment rendered or any future court dates does not adjudicate anything. It does not bind the parties, nor can it thereafter be made the foundation of any right. It is a mere nullity.

Proof of jurisdiction must appear on the record of the court, once the court has knowledge that subject matter is lacking, the court has no discretion but to dismiss the action. Failure to dismiss the action means the court is proceeding in clear absence of all jurisdictions and subjects to suit.

The plaintiff appealed Commissioner Liggins decision and a deno vo hearing was scheduled by Judge Connolly on June 1st. The plaintiff informed the courts motions were filed for lack of jurisdiction, the lease does not show the same name as the action filed. A sworn recorded hearing was conducted where the attorney for the plaintiff in case number 2021SC009424 violated **Rule 3.7** testifying as a material witness and an advocate on behalf of his client.

This testimony given by the attorney and allowed by Commissioner Connolly violated the plaintiffs procedural due process, the roles of both advocate and witness prejudiced the plaintiffs rights. The transcripts will show Commissioner Connolly discussed the discrepancies on the record in regards to the lease. She stated the lease does not state the agent is KMG Real Estate II LLC, and asked the attorney " how does she square this situation?" and the attorney continued to testify as a material witness and tell her how she can "square this".

The plaintiff filed multiple motions in the court and raised multiple constitutional issues that were purposely ignored by commissioner Connolly. This was intentionally done due to the plaintiff being a pro se litigant. **Faretta v. California, U.S. Sup Ct. 1975.**

The transcripts and recording of the hearing will show evidence of improper bias on the part of the judge. The complaint was defective, no evidence was presented by the opposing party, false testimony by the attorney was given, rules of conduct by the attorney was conducted, issues were raised in the action of the retaliatory eviction action before the court and commissioner Connolly ignored clearly established law.

To obtain a judgment for possession, the landlord must plead to the court in a "complaint under oath verified by the person...having knowledge of the facts" that the tenant "detains possession...without right" statute requires the landlord to plead and prove in the complaint more than mere conclusory allegations.

4

The statute is written that, the law and facts spelling out why the tenant lacks the right to possession must be proven in the initial pleading itself, by a statement under oath by a person having knowledge of the relevant facts.

The previous actions filed under the same grounds in the previous cases listed a week before the fraudulent action filed that both commissioners purposely ignored.

It is required that the defendant be informed of the nature of claims affecting their interests in order to allow them to decide how and when to take action to protect those interests, including appearing at a hearing.

There has been an enormous deprivation of the Plaintiff rights, there was no validity of the pleadings or discovery from the opposing party.

The commissioner ordered the attorney to submit documentation to the court and set a court date of July 1st, 2021. Plaintiff then filed a motion objecting to the attorney testifying as a material witness and advocate. The plaintiff never testified as the defendant had a right to cross examine witnesses at no time did the defendant get to assert that right.

<u>THE PLAINTIFF FILED ON JUNE 28TH, 2021 A RENTAL LEASE THAT WAS ALREADY SUBMITTED BEFORE THE COURT IN THE BEGINNING OF THIS CASE AND AN AFFIDAVIT THAT THE LAWYER HAD PERSONALLY DRAWN UP HAD HIS CLIENT SIGN EXACTLY WHAT HE TESTIFIED TO IN THE TRANSCRIPTS ON JUNE 1ST, 2021 AND NOTARIZED ON BEHALF OF HIS CLIENT. A LAWYER WHO IS A NOTARY PUBLIC MAY NOT NOTARIZE A CLIENT'S AFFIDAVIT, PLEADINGS, OR OTHER DOCUMENTS.</u>

<u>ON JULY 1ST 2021 THE JUDGE FAILED TO ADDRESS THE AFFIDAVIT BEFORE THE COURT BUT DISMISS THE MOTION OF THE DEFENDANT TO DISMISS AND RULED SERVICE WAS PROPER ALTHOUGH THE PROCESS SERVER TESTIFIED HE MADE FOUR TO FIVE UNSUCCESSFUL ATTEMPTS TO SERVE THE PLAINTIFF AND HE THEN MAILED A COPY OF THE SUMMONS IN COMPLAINT IN THE MAIL CERTIFIED WITHOUT SIGNATURE BUT THE ATTORNEY SUBMITTED AFFIDAVIT OF SERVICE IN THE RECORD NOT AFFIDAVIT OF MAILING.</u>

**PLAINTIFF DID NOT HAVE AN IMPARTIAL TRIBUNAL BUT ONE SHOWING A STRONG BIAS AND STRONG IMPLICATIONS OF BIAS.**

COMMISSIONER CONNOLLY TOLD THE PLAINTIFF TO RAISE THE DEFENSE OF RETALIATORY ACTION WITH THE NEXT COMMISSIONER ON AUGUST 11TH, 2021 EVEN THOUGH IT WAS RAISED IN MOTIONS AND PROOF ALWAYS APPEARED ON THE RECORD AND IN THE RECORD OF PREVIOUS CASES FILED BY THE PARTY. THE PLAINTIFF TREATMENT WAS UNCONSTITUTIONAL BIAS AND THE ATTORNEY TO CONTINUE TO SERVE AS WITNESS AND ADVOCATE.

DESPITE THE FACT THE PLAINTIFF LEASE DID NOT STATE THE ENTITY THAT BROUGHT THE ACTION AGAINST, AND THE RETALIATORY ACTION BROUGHT BY THE OPPOSING PARTY COMMISSIONER CONNOLLY CONTINUED TO VIOLATE THE PLAINTIFFS RIGHT AND STATED THE WRIT WITH NO MERITS OR JURISDICTION TO AUGUST 11TH, 2021.

The cdc order was issued as a national public health emergency at no time did the plaintiff fall under any exception for a writ to be ordered or stayed. The actions of both commissioners did so cause damages to the plaintiff and caused the plaintiff to become homeless. Had the commissioners address the retaliatory action the action would have been dismissed.

The only testimony ever given on behalf of the attorney was that the landlord just wanted possession of the property not that the plaintiff was behind, not that the plaintiff had any criminal activities or endangering public health or owe any monetary. The refusal of renewing a lease, harassment of a tenant, and the constant of fraudulent eviction actions against the plaintiff that were dismissed prior, proof of text messages and previously knowledge by both commissioners of those actions filed were a clear indication of a retaliatory eviction action. The action is prohibited under wis stat but yet ignored by both commissioners of the Milwaukee County Circuit Court shows an abuse of judicial authority.

Failure to obtain substantial justice in state courts lead to suits being filed in Federal Court under **Title 42.**

**The Order under the authority of section 361 of the Public Health Service Act (42 U.S.C. §264) and federal regulations codified at 42 C.F.R. § 70.2. Under 42 U.S.C. § 264. The Defendant is deemed as a "Covered Person". Any tenant who qualifies as a "Covered Person" and is still present in a rental unit is entitled to protections under the Order. Covered persons located in jurisdictions in which this order applies may not be evicted for non-payment of rent solely on the basis of the failure to pay rent or similar charges at any time during the effective period of the order.**

Several laws ( 18 U.S.C. §§ 3559 and 3571, 42 U.S.C. § 271, and 42 C.F.R. § 70.18) says that a person who violates the Order may be subject to a fine of no more than $100,000 or one year in jail, or both, if the violation does not result in death. A person violating the Order may be subject to a fine of no more than $250,000 or one year in jail, or both, if the violation results in a death or as otherwise provided by law. An organization violating the Order may be subject to a fine of no more than $200,000 per event if the violation does not result in a death or $500,000 per event if the violation results in a death or as otherwise provided by law.

**WHEREFORE,** The Plaintiff asks this court to rule in favor of the plaintiff for the violations stated and by clearly established law.

Respectfully submitted,

Raven Griffin

is (if a person or private corporation) a citizen of __Wisconsin__
(State, if known)

and (if a person) resides at __901 N. 9th street Milwaukee, WI 53233__
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for __Milwaukee County Circuit Court__
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

Commissioner Gwendolyn Connolly violated the plaintiff rights pursuant to Title 42 U.S.C. Code 1983 of certain protections guaranteed to her by the 9th Amendment of the federal Constitution, In case # 2021SC004991. The commissioner violated chapter 60 code of judicial conduct and ignore federal law under CDC protections, statutory law, and proceeding without jurisdiction in the case. The plaintiff also asserts damages as her due process rights were violated when the Commissioner allowed the opposing party attorney to violate Rule 3.7 and testify as a material witness and advocate, therefor plaintiff was denied the right to cross examine. The Attorney also notarized a affidavit for client and testified to it and the commissioner was aware of notarial misead misconduct in court.

Complaint – 2

The Commissioner proceeded with a retaliatory eviction action against the plaintiff disregarding wis Stat 704.45 stating retaliatory actions are prohibited when a tenant exercises their legal rights. The Commissioner refused to dismiss this case and proceeded without jurisdiction as plaintiff was not served and the name the action was filed in, in small claims eviction does not and did not match the plaintiff lease. Transcripts will show the bias and discrimination commissioner Connolly had towards the plaintiff because she was a pro se ligant all the motions and proof plaintiff submitted before the court was purposely denied regardless of clear and established law that protected the Plaintiff. The Commissioner actions forced the Plaintiff to have no house regardless of being a protected person under the CDC order. The opposing party stated the Plaintiff did nothing wrong they would just like their property the landlord stated and again the complaint was defective see motion attached!

Complaint – 3

C. JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is
$ _____.

D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

To be compensated for damages and punitive damages as the actions of the Commissioner were not an impartial tribunal. This cause the Plaintiff to be homeless during a national public health emergency. The Order when an organization violates is under several laws 18 U.S.C 3359, 3571, 42 U.S.C. 271 and 42 CFR 70.18 and the plaintiff is entitled to as well as constitutional rights and civil rights. The plaintiff is seeking emotional and anixety stress. Failure to obtain substainal justice in state court leads to suits being filed in federal court under Title 42. The Plaintiff had this commissioner proceed with jurisdiction to proceed with an eviction action.

Complaint – 4

E.   JURY DEMAND

   I want a jury to hear my case.

   ☒ – YES     ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this ___9th___ day of ___July___ 20_21_.

Respectfully Submitted,

_____
Signature of Plaintiff

___414-260-3665___
Plaintiff's Telephone Number

___N/A___
Plaintiff's Email Address

___2722A N. Richards St___
___Milwaukee, WI 53212___
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5