UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAVEN GRIFFIN,

        Plaintiff,

   v.

                               Case No. 21-cv-834-pp

MILWAUKEE COUNTY CIRCUIT COURT
and COMMISSIONER GWENDOLYN CONNOLLY,

        Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE

---

In July 2021, the plaintiff, who is not represented by a lawyer, filed a complaint against the Milwaukee County Circuit Court and "Commissioner" Gwendolyn Connolly.[1] Dkt. No. 1. Only two months earlier, the plaintiff had filed an almost identical complaint against Commissioner Alexis Liggins, which this court dismissed on May 26, 2022.[2] <u>Griffin v. Milwaukee County Circuit Court and Liggins</u>, Case No. 21-cv-666, Dkt. No. 5. In this case (as she had in the previous one), the plaintiff filed with her complaint a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

---

[1] Gwendolyn Connelly is not a commissioner—she has been a judge for Branch 44 of the Milwaukee County Circuit Court since 2016.

[2] The complaint named Liggins but an attachment also named the Milwaukee County Circuit Court.

1

The court will grant the plaintiff's motion to proceed without prepaying the filing fee, but having screened the case as required by law, will dismiss it for failure to state a claim.

I.  **Plaintiff's Ability to Pay the Filing Fee**

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says she is not employed, not married and not responsible for any minor children. Dkt. No. 2 at 2. She claims no income beyond disability benefits in the amount of $694 per month and claims monthly expenses in the same amount. Id. at 3. She says that she is staying with relatives and has no permanent housing. Id. at 4.

Since 2017, the plaintiff has filed nine cases in this district; she has paid the filing fee in only four of them.[3] Over the years, she has made inconsistent statements to this court about her financial status. On July 25, 2019, the court received from the plaintiff a motion for leave to proceed without prepaying the filing fee in Case No. 19-cv-1070; in that motion, she listed no

---

[3] Griffin v. Parthaum et al., Case No. 17-cv-338-LA (filing fee paid); Griffin v. Wisconsin Supreme Court, Case No. 17-cv-648-LA (filing fee paid); Griffin v. Milwaukee County Courthouse, Case No. 18-cv-631-JPS (filing fee paid); Griffin v. Vance-Curzen, Case No. 18-cv-1099 (filing fee paid; Griffin v. Garcia, et al., Case No. 19-cv-1070-PP; Griffin v. Commissioner of Social Security, Case No. 21-cv-63-NJ; Griffin v. Liggins, Case No. 21-cv-666; Griffin v. Milwaukee County Circuit Court, et al., Case No. 21-cv-834; 22-cv-1174, Griffin v. Mattek, et al., Case No. 22-cv-1174.

dependents, no wages and no income. Griffin v. City of Milwaukee, Case No. 19-cv-1070, Dkt. No. 2. Only a year and a half later, on January 13, 2021, the plaintiff filed a motion for leave to proceed without prepaying the filing fee in a Social Security appeal; on this application, however, she listed three dependents—a 9-year-old daughter, an 11-year-old daughter and a 15-year-old son—and reported disability benefits income of $794 per month and expenses that exceeded that income. Griffin v. Commissioner, 21-cv-63, Dkt. No. 3. She made similar statements in a May 27, 2021 motion for leave to proceed without prepaying the filing fee in Case No. 21-cv-666, Dkt. No. 2 (claiming she provided support for her 10, 13 and 15 year-olds as needed). Two months later, she filed the motion in this case, listing *no* children, disability benefits in the amount of $694 and expenses of the same amount; she asserted that the judge's actions had required her to pay for storage fees, sleep with relatives and look for housing. Dkt. No. 4. Fourteen months later, in yet another case, the plaintiff filed a motion for leave to proceed without prepaying the filing fee, indicating that she provides support for a son, age 15, in the amount of $200 to $400 (as needed) and reporting no disability benefits income, $400 from an auntie and expenses of $400-$450 per month. Case No. 22-cv-1174, Dkt. No. 2.

      Plaintiffs who ask the court to allow them to proceed without prepaying the civil filing fee must be thorough and truthful with the court. They sign the application under penalty of perjury, declaring that the information that they put into the application is true and correct. It is concerning that in the past

3

four years, the plaintiff has provided conflicting information about whether she has dependents, how many dependents she has, her income and her expenses.

Despite these inconsistencies, however, it appears that the plaintiff is not able to pay the filing fee, so the court will allow her to proceed without *pre*paying it. The court advises the plaintiff, however, that she is obligated to pay the full filing fee for every case she has filed—even the ones in which the court has granted her motion for leave to proceed without prepaying. Section 1915(a) allows a litigant to proceed without *prepaying* the fees but not without ever paying the fees. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019). Every time the plaintiff files another lawsuit, she incurs another filing fee—in the case of civil lawsuits, another $402 filing fee.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff

represents , the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**III.    Facts**

   A.    Events Preceding the Filing of this Lawsuit

On May 27, 2021, the plaintiff—representing herself—filed a complaint that named as defendants Milwaukee County Circuit Court and Commissioner Alexis Liggins, seeking $800,000 for actions taken by the court in connection with her eviction proceedings in Milwaukee County Case Nos. 2021SC9424, 2021SC4991, 2021SC003699 and 2020SC22872. Griffin v. Milwaukee County Circuit Court and Liggins, Case No. 21-cv-666, Dkt. Nos. 1, 1-1. The plaintiff claimed that Commissioner Liggins, acting under color of state law, had violated her constitutional rights "as a covered person under federal law under the CDC order." Id. at Dkt. No. 1-1 at 1. The plaintiff asserted that the commissioner had caused her and her children to be homeless during the COVID-19 national health emergency. Id. The plaintiff went through the eviction proceedings in the cases she'd referenced. She eventually asserted that Commissioner Liggins "took the law into her own hands abusing her power of authority because of her dislike of the defendant representing herself without a lawyer and her history she has with the plaintiffs rental company," and claimed that Commissioner Liggins had discriminated against her. Id. at 4.

The publicly available docket shows that there is no Case No. 2020SC022872 in Milwaukee County. https://wcca.wicourts.gov. There *is* a 2020 small claims case involving the plaintiff: Raven Griffin v. KMG Real

Estate, *et al.*, 2020SC023279 (Milwaukee County Circuit Court). The plaintiff filed that case on November 12, 2020 and it was dismissed on June 22, 2021. Available at https://wcca.wicourts.gov. There is a small claims case numbered 2021SC003699, but the plaintiff is not a party to that case. There is no Milwaukee County small claims case numbered 2021SC4991.

The case that seems to have given rise to the plaintiff's claims is <u>KMG Real Estate II LLC v. Raven Griffin</u>, Case No. 2021SC009424 (Milwaukee County Circuit Court). Available at https://wcca.wicourts.gov. That case was filed on April 27, 2021—a month before the plaintiff filed the federal lawsuit in <u>Griffin v. Milwaukee County Circuit Court and Alexis Liggins</u>, Case No. 21-cv-666. Alexis Liggins was the court commissioner assigned to the case, and Gwen Connolly was the circuit court judge. As of the date the plaintiff filed her federal lawsuit, she'd filed a motion to dismiss in the state small claims suit.

This court did not promptly screen the plaintiff's federal lawsuit. The state court docket shows that in the month after the plaintiff filed the federal lawsuit, activity continued in the state small claims case; there was a hearing on June 1, 2021 at which Commissioner Liggins heard testimony, then stayed the hearing to obtain additional testimony at a contested eviction hearing. <u>Griffin</u>, Case No. 2021SC009424 (Milwaukee County Circuit Court). Available at https://wcca.wicourts.gov. On June 28, 2021, the plaintiff filed another motion to dismiss in the small claims case, and filed other documents in the following days. <u>Id.</u> On July 1, 2021, Judge Connolly denied the plaintiff's

motion to dismiss, but cancelled the writ of restitution and adjourned for an eviction proceeding (to take place on August 11, 2021). Id.

B. The Filing of This Lawsuit

On July 9, 2021—while the first federal case remained pending and unscreened—the plaintiff filed this lawsuit against the Milwaukee County Circuit Court and "Commissioner" Gwendolyn Connolly. Griffin v. Milwaukee County Circuit Court and Commissioner Gwendolyn Connolly, Case No. 21-cv-834. It appears that the plaintiff filed this second complaint in reaction to Judge Connolly denying her motion to dismiss and scheduling eviction proceedings for August 11, 2021. Rather than asking Judge Connolly to delay the eviction proceedings until this court could rule, or amending her complaint in Case No. 21-cv-666, the plaintiff filed what appears to be a duplicative, second lawsuit.

In Case No. 21-cv-666, the plaintiff filed the court's form complaint, which she'd completed by hand. Case No. 21-cv-666, Dkt. No. 1. She attached to that form complaint a six-page, typed document titled "COMPLAINT & SUMMONS." Id. at Dkt. No. 1-1. The defendants listed in that typed document were the Milwaukee County Circuit Court and Commissioner Alexis Liggins. Id. at 1. In Case No. 21-cv-834, the plaintiff filed the first page of this court's form civil complaint, then inserted between the first and second pages of the form complaint a seven-page, typed document titled "COMPLAINT & SUMMONS." Case No. 21-cv-834, Dkt. No. 1 at 2-8. The defendants named in this document

7

are the Milwaukee County Circuit Court and Commissioner Gwendolyn Connolly. Id. at 1.

Much of the language in the typewritten portions of both complaints is virtually identical, except that the plaintiff has added Judge Connolly's name throughout the document in Case No. 21-cv-834; she did not remove the allegations against Commissioner Liggins, even though the complaint in Case No. 21-cv-834 does not name Commissioner Liggins as a defendant. In fact, the first three-and-a-half pages of the typewritten document in Case No. 21-cv-834 make allegations *only* against Commissioner Liggins; the plaintiff does not add allegations against Judge Connolly until halfway down the fourth page of the document. Case No. 23-cv-834, Dkt. No. 1 at 5. In both cases, the plaintiff asserts that she is suing under 42 U.S.C. §1983 and the Ninth and Fourteenth Amendments. Case No. 21-cv-666, Dkt. No. 1-1 at 1; Case No. 21-cv-834, Dkt. No. 1 at 2. In both cases, the plaintiff says that on March 5, 2021, the plaintiff's landlord filed a "retaliatory eviction proceeding against the plaintiff for exercising her legal rights to tendency [sic]." Id. (citing to 2021SC004991 and 2020SC022872, neither of which exist on the publicly-available docket for the Milwaukee County Circuit Court).

In both cases, the plaintiff says that "Judge Grady" dismissed the landlord's action on April 13, 2021 but that the landlord filed another "illegal and fraudulently eviction action," citing to 2021SC009424, the case involving Commissioner Liggins and Judge Connolly. Case No. 21-cv-666, Dkt. No. 1-1 at 4; Case No. 21-cv-834, Dkt. No. 1 at 4. The plaintiff takes issue with the

name used by the plaintiff in that eviction action—KMG Real Estate II LLC—saying that she had a lease with a different landlord, called KMG Real Estate. Id. (citing KMG Real Estate II LLC, Case No. 2021SC9424 (Milwaukee County Circuit Court)). Id. In both federal cases, the plaintiff alleges that Commissioner Liggins discriminated against the plaintiff and abused her authority by ignoring the plaintiff's motion and that the Milwaukee County Circuit Court did not have jurisdiction. She alleges that the court had no discretion to do anything other than dismiss the action. Case No. 21-cv-666, Dkt. No. 1-1 at 4-5; Case No. 21-cv-834, Dkt. No. 1 at 4.

Beginning at page four of the complaint filed in Case No. 21-cv-834, the plaintiff shifts to her allegations against Judge Connolly (presumably she did not include these allegations in the complaint in Case No. 21-cv-666 because the events of which she complains had not yet occurred when she filed that lawsuit). She describes a *de novo* hearing on June 1, 2021 conducted by Judge Connolly. Case No. 21-cv-834, Dkt. No. 1 at 5. The plaintiff asserts that the attorney for the landlord testified as a material witness and advocated on behalf of his client, violating the plaintiff's due process rights. Id. The plaintiff alleges that although she filed multiple motions and raised multiple constitutional issues, Judge Connolly ignored them because the plaintiff was representing herself. Id. The plaintiff asserts that the "transcripts and recordings will show improper bias on the part of the judge." Id. She claims that the "complaint was defective, no evidence was presented by the opposing party, false testimony by the attorney was given, rules of conduct by the

9

attorney was conducted, issues were raised in the action of the retaliatory eviction action before the court and commissioner Connolly ignored clearly established law." Id.

The plaintiff says that the "commissioner"—perhaps she means Judge Connolly—ordered the attorney to provide documentation and scheduled a court date for July 21, 2021, but that the "[p]laintiff filed a motion objecting to the attorney testifying." Id. at 6. She asserts that she did not get the chance to cross-examine witnesses. Id. The complaint alleges the following about the proceedings in front of Judge Connolly:

> THE PLAINTIFF FILED ON JUNE 28TH, 2021, A RENTAL LEASE THAT WAS ALREADY SUBMITTED BEFORE THE COURT IN THE BEGINNING OF THIS CASE AND AN AFFIDAVIT THAT THE LAWYER HAD PERSONALLY DRAWN UP HAD HIS CLIENT SIGN EXACTLY WHAT HE TESTIFIED TO IN THE TRANSCRIPTS ON JUNE 1ST, 2021 AND NOTARIZED ON BEHALF OF HIS CLIENT. A LAWYER WHO IS A NOTARY PUBLIC MAY NOT NOTARIZE A CLIENT'S AFFIDAVIT, PLEADINGS, OR OTHER DOCUMENTS.
>
> ON JULY 1ST 2021, THE JUDGE FAILED TO ADDRESS THE AFFIDAVIT BEFORE THE COURT BUT DISMISS THE MOTION OF THE DEFENDANT TO DISMISS AND RULED SERVICE WAS PROPER ALTHOUGH THE PROCESS SERVER TESTIFIED HE MADE FOUR TO FIVE UNSUCCESSFUL ATTEMPTS TO SERVE THE PLAINTIFF AND HE THEN MAILED A COPY OF THE SUMMONS IN COMPLAINT IN THE MAIL CERTIFIED WITHOUT SIGNATURE BUT THE ATTORNEY SUBMITTED AFFIDAVIT OF SERVICE IN THE RECORD NOT AFFIDAVIT OF MAILING.
>
> **PLAINTIFF DID NOT HAVE AN IMPARTIAL TRIBUNAL, BUT ON SHOWING A STONG BIAS AND STRONG IMPLICATIONS OF BIAS.**
>
> COMMISSIONER CONNOLLY TOLD THE PLAINTIFF TO RAISE THE DEFENSE OF RETALIATORY ACTION WITH THE NEXT COMMISSIONER ON AUGUST 11TH, 2021 EVEN THOUGH IT WAS RAISED IN MOTIONS AND PROOF ALWAYS APPEARED ON THE RECORD AND IN THE RECORD OF PREVIOUS CASES FILED BY THE PARTY. THE PLAINTIFF TREATMENT WAS

> UNCONSTITUTIONAL BIAS AND THE ATTORNEY TO CONTINUE TO SERVE AS WITNESS AND ADVOCATE.
>
> DESPITE THE FACT THE PLAINTIFF LEASE DID NOT STATE THE ENTITY THAT BROUGHT THE ACTION AGAINST, AND THE RETALIATORY ACTION BROUGHT BY THE OPPOSING PARTY COMMISSIONER CONNOLLY CONTINUED TO VIOLATE THE PLAINTIFFS RIGHT AND STATED THE WRIT WITH NO MERITS OR JURISDICTION TO AUGUST 11TH, 2021.

Id. at 6-7.

### C. Events Following the Filing of this Lawsuit

The court also failed to promptly screen the plaintiff's second federal lawsuit. The small claims case proceeded. On November 4, 2021, the eviction proceedings were scheduled to take place before Martin B. Dewey, but the plaintiff failed to appear and the eviction case was dismissed. KMG Real Estate II LLC, Case No. 2021SC009424 (Milwaukee County Circuit Court). Available at https://wcca.wicourts.gov.

On May 26, 2022, this court issued an order screening the complaint in Case No. 21-cv-666. Case No. 21-cv-666, Dkt. No. 5. The court concluded that to the extent the plaintiff was trying to appeal any of Commissioner Liggins' rulings, this federal court could not review state-court judgments under the Rooker-Feldman doctrine. Id. at 4-5. The court noted that the plaintiff could have raised her Fourteenth Amendment due process claims in the small-claims court by appealing Commissioner Liggins's rulings. Id. at 5-6. And the court explained that the plaintiff did not have a right of action under the Ninth Amendment of the Constitution. Id. at 6. The court dismissed Case No. 21-cv-666. Id. at 6-7.

## IV. Analysis

To the extent that the complaint in this case raises claims the plaintiff brought against Commissioner Liggins in Case No. 21-cv-666, the court has ruled on those claims and its rulings constitute the law of the case.

The plaintiff cannot sue the Milwaukee County Circuit Court because the court is not a suable entity under §1983. Section 1983 of Title 42 of the United States Code allows a plaintiff to sue a "person" who, acting under color of law, violates her constitutional rights. The Milwaukee County Circuit Court is not a person—it is not an individual subject to suit under §1983. Under Wisconsin law, circuit courts are units of the county and are not separate suable entitles. See, *e.g.*, Jones v. Rock Cty. Circuit Court, No. 19-CV-429-WMC, 2021 WL 5232325, at *1 (W.D. Wis. Nov. 10, 2021) (citing McCormack v. Wright, No. 12-cv-483-bbc, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (concluding that because a circuit court is part of the county government it serves, it is not a separate suable entity); Hoffman v. Kehl, No. 08C41, 2008 WL 358083, at *3 (E.D. Wis. Feb. 8, 2008) (concluding that Kenosha County Circuit Court is not a suable entity because it is an agency of the state)). The court must dismiss the Milwaukee County Circuit Court as a defendant.

Nor is Judge Connolly subject to suit. Judges are entitled to absolute immunity when their challenged actions are judicial in nature. See Brunson v. Murray, 843 F.3d 698, 710 (7th Cir. 2016). "Absolute immunity is a powerful shield attaching primarily to judicial functions—not to the person or position." Id. (internal citations omitted). "A judge has absolute immunity for any judicial

12

actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "When a functional analysis of the responsibilities at issue reveals that they are judicial in nature, the actor is entitled to absolute immunity from damages no matter how erroneous the act or injurious the consequences." Brunson, 843 F.3d at 710; see also Bolin v. Story, 225 F.3d 1234, 1239 (7th Cir. 2020) ("This immunity applies even when the judge's actions are in error, malicious, or in excess of his or her jurisdiction."). "If the functions are not judicial in nature, however, then absolute immunity is not available." Brunson, 843 F.3d at 710. Even then, the official is still left with the protection of qualified immunity. Id.

All the allegations in the complaint involve testimony, evidence, motions and decisions made during the eviction proceedings, over which Judge Connolly had jurisdiction to preside. Although the plaintiff alleges that the Milwaukee County Circuit Court did not have jurisdiction, all the alleged actions taken by Judge Connolly—and even Commissioner Liggins, who is not named as a defendant—occurred during the judicial proceedings. This immunity extends to protect Judge Connolly even though the plaintiff believes that Judge Connolly was biased against the plaintiff when she performed those duties. Judicial immunity, which applies even where the judge is accused of malicious or corrupt activity, exists "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Mason v. Milwaukee Cty., No.

23-CV-367-JPS, 2023 WL 2916497, *6 (E.D. Wis. Apr. 12, 2023). The court must dismiss Judge Connolly as a defendant.

There are additional problems with the complaint. The court explained in dismissing the complaint in Case No. 21-cv-666 that a federal court cannot act as appellate court to review a state court judgment. Case No. 21-cv-666, Dkt. No. 5 at 4 (citing Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (internal citation omitted) ("Simply put, the Rooker–Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment."). The court also explained in order dismissing Case No. 21-cv-666 that the Ninth Amendment "is a rule of interpretation rather than a source of rights." Goodpastor v. City of Indianapolis, 736 F.3d 1060, 1075 (7th Cir. 2013) (quoting Froehlich v. Wis. Dep't of Corrs., 196 F.3d 800, 801 (7th Cir. 1999)). It states only that the fact certain rights are enumerated in the Constitution does not mean that other rights held by the people may be denied or discouraged. Id. The plaintiff has no cause of action under the Ninth Amendment.

Although courts generally permit civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d

14

510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3d. 768, 783 (7th Cir. 2015)). The plaintiff has filed two cases about the same underlying eviction proceedings. She has sued defendants that can't be sued and brought claims that are not cognizable by a federal court. Arguably, the plaintiff's claims are moot, given the dismissal of the eviction case. The court will dismiss this case.

## V. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which a federal court can grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of April, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**